O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

AMENDED      **CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1561 AHM (JCx) | Date | April 3, 2009 |
|---|---|---|---|
| Title | LEE M. MARTIN v. INDYMAC BANK | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:          Attorneys **NOT** Present for Defendants:

**Proceedings:**          IN CHAMBERS (No Proceedings Held)

On February 20, 2009, *pro se* Plaintiff Lee M. Martin filed in Los Angeles Superior Court a Complaint against Defendant IndyMac Bank arising from a home loan and subsequent foreclosure. She also filed a "Petition in the Form of a Motion for Emergency Stay of Eviction for Reasons of Fraud."[1] Plaintiff's Complaint alleges claims for injunctive relief, statutory damages pursuant to various federal statutes (including the Truth in Lending Act and Real Estate Settlement Procedures Act) and state statutes, fraud, an accounting note, quiet title, and a declaratory judgment. On March 5, 2009, the Federal Deposit Insurance Corporation ("FDIC"), acting as Receiver for IndyMac Bank, F.S.B. and conservator for Defendant's successor, IndyMac Federal Bank, F.S.B., removed the action to this Court. On March 13, 2009, this Court filed an order stating that if Plaintiff wishes to seek equitable relief, such as a temporary restraining order, she must file an application for such relief. To date, Plaintiff has not filed any such application.

On March 9, 2009 the FDIC filed a motion to substitute itself in place of Defendant IndyMac Bank, as well as a motion to dismiss the case. Plaintiff has not filed timely

---

[1] The FDIC states in its motion to dismiss that this application to stay the eviction was denied by the state court, but it does not provide any evidence of that denial. It does provide a November 10, 2008 judgment against Martin in a state court unlawful detainer action brought by IndyMac concerning the property at issue in this suit. The Court takes judicial notice of this judgment and the accompanying pleadings.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1561 AHM (JCx) | Date | April 3, 2009 |
|---|---|---|---|
| Title | LEE M. MARTIN v. INDYMAC BANK | | |

oppositions to either motion.[2]  "The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Local Rule 7-12.  Moreover, on their face the motions appear to be meritorious.  Accordingly, the Court GRANTS the motion to substitute, and GRANTS the motion to dismiss without prejudice.

## I.    MOTION TO SUBSTITUTE

On July 11, 2008, the Office of Thrift Supervision ("OTS") closed IndyMac Bank, F.S.B. and appointed the FDIC-Receiver as the Receiver for the failed institution, pursuant to 12 U.S.C. §§ 1464(d)(2)(A) and 1821(c)(5).  The OTS also chartered a new institution, IndyMac Federal Bank, F.S.B., and appointed the FDIC-Conservator to operate it.

Plaintiff's claims appear to arise from a 2005 home loan, and the subsequent foreclosure sale of her home in 2008.  These claims implicate the FDIC's capacity as receiver and conservator, and the FDIC may thus be substituted into the action.  *See* 12 U.S.C. § 1821(d)(2) ("The [FDIC] shall, as conservator or receiver, and by operation of law, succeed to . . . all rights, titles, powers, and privileges of the insured depository institution.").  *Cf.* Federal Rule of Civil Procedure 25(c) ("If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party.  The motion must be served as provided in Rule 25(a)(3).").

## II.   MOTION TO DISMISS

---

[2] On April 3, 2009, Plaintiff filed a document captioned as a "Notice of Objection to Notice of Motion to Dismiss Complaint and for Leave to Amend Complaint" and a document captioned as "Memorandum of Points and Authorities."  In the latter document, Plaintiff appears to be seeking a temporary restraining order.  In neither document does Plaintiff address the analysis set forth in Defendant's motion to dismiss.  The apparent merit of Defendant's analysis and Plaintiff's failure to address it — particularly the issue of exhaustion — means that even if Plaintiff had properly applied for immediate injunctive relief the Court would have no basis to grant such relief.

O

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1561 AHM (JCx) | Date | April 3, 2009 |
|---|---|---|---|
| Title | LEE M. MARTIN v. INDYMAC BANK | | |

#### A.      Failure to Exhaust

Defendant contends that this Court lacks jurisdiction to hear Plaintiff's claims because she failed to exhaust her remedies pursuant to the procedure set forth in the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1821(d)(13)(D).  As the Ninth Circuit explained in *McCarthy v. FDIC*,

> On the face of the statute . . . FIRREA's exhaustion requirement applies to *any* claim or action respecting the assets of a failed institution for which the FDIC is receiver. . . . [A]part from claims made in connection with bankruptcy proceedings or arising out of a breach of contract fully performed by the aggrieved party but not repudiated by the receiver, all claims or actions must be submitted for administrative resolution. Accordingly, debtors as well as creditors who assert a qualifying claim or action must exhaust.

348 F.3d 1075, 1081 (9th Cir. 2002) (emphasis in original).  Plaintiff does not allege that she satisfied FIRREA's exhaustion requirement, or that any of her claims fall into the judicially recognized exceptions.  In the absence of such allegations, this Court does not have jurisdiction to hear Plaintiff's claims.

#### B.      Failure to State a Claim

In addition, Defendant argues persuasively that Plaintiff has failed to state allegations sufficient to support her claims.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (applying Rule 8); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003) (applying Rule 9(b)).

## II.      CONCLUSION

For the above reasons, the Court GRANTS the motion to substitute.[3]  The FDIC shall be substituted in the place and stead of defendant IndyMac named in Plaintiff's Complaint, in the following form: Federal Deposit Insurance Corporation, as Receiver for IndyMac Bank, F.S.B.; Federal Deposit Insurance Corporation, as Conservator for

---

[3] Docket No. 4.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1561 AHM (JCx) | Date | April 3, 2009 |
|---|---|---|---|
| Title | LEE M. MARTIN v. INDYMAC BANK | | |

IndyMac Federal Bank, F.S.B.  The Clerk is ORDERED to change the case caption accordingly.

The Court also GRANTS the motion to dismiss[4] without prejudice.  If Plaintiff wishes to amend her complaint she must do so on or before April 23, 2009.  Failure to file an amended complaint by then will result in the automatic dismissal of this action with prejudice.

No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

| | : | |
|---|---|---|
| Initials of Preparer | | SMO |

_____

[4] Docket No. 5.